# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0350, <u>State of New Hampshire v. Ron Goodwin</u>, the court on September 15, 2022, issued the following order:**

The assented-to motion to supplement the record is granted. The defendant's motion to seal, to which the State has not objected, is granted in part and denied in part. With his motion to seal, the defendant filed both a redacted appendix and an unredacted appendix. To the extent the defendant requests that the court seal the portions of the appendix that he has redacted, the motion is granted. Accordingly, the unredacted appendix has been placed in a confidential file. <u>See</u> <u>Sup. Ct. R.</u> 12(1)(b)(5). The redacted copy of the appendix, containing all non-confidential portions, will be made available for public review upon request. To the extent he requests that the court seal his brief in its entirety, the motion is denied. This order is without prejudice to the defendant filing, on or before September 20, 2022, a motion to seal portions of his brief that he claims to be confidential, with a version of the brief specifically redacting those portions that he claims to be confidential. On or before September 30, 2022, the State may respond to any motion to redact portions of the defendant's brief that he files pursuant to this order.

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Ron Goodwin, appeals an order of the Superior Court (<u>Nicolosi</u>, J.) denying his motion for bail. <u>See</u> RSA 597:6-e, III (Supp. 2021). In the motion, the defendant argued that he is entitled to bail because he had filed an allegedly meritorious motion to dismiss his criminal charges on grounds that his competency to stand trial cannot be timely restored under RSA 135:17-a (2021), and that his speedy trial rights have been violated. On appeal, the defendant argues that the trial court "should have granted [him] bail because it should have dismissed this matter on speedy trial grounds," and because he allegedly has not been restored to competency within the twelve-month period of RSA 137:17-a, III. We affirm.

The record in this case reflects that, following the defendant's January 2020 arrest for armed robbery, the trial court ordered preventive detention, finding by clear and convincing evidence that he is a danger to the community. <u>See</u> RSA 597:2, I(c), III(a) (Supp. 2021). After multiple continuances, the defendant moved for a determination of his competency on April 21, 2021. Following a further continuance requested by the defendant, on September 2, 2021, the parties agreed, and the trial court determined, that the defendant

was not competent, but that it was reasonably likely that his competency could be restored within twelve months.  See RSA 135:17-a, I.

On June 10, 2022, the defendant filed the present motion for bail, arguing that, because he had separately moved to dismiss the pending criminal charges on June 10, he was entitled to bail.  In the motion to dismiss, the defendant claimed that his competency had not yet been restored, that the State had not taken reasonable steps to restore his competency, that his competency would not be restored within twelve months of September 2, 2021, and that his prosecution violated his speedy trial rights under the State and Federal Constitutions.  The trial court denied the motion for bail.  With respect to the motion to dismiss, the trial court noted that it had found a likelihood that the defendant's competency would be restored with treatment, that it had scheduled a competency hearing for August 4, 2022, which would "likely . . . provide information . . . as to the defendant's recent treatment and his compliance with treatment recommendations," and that the motion to dismiss would be addressed at the August 4 hearing.

On August 3, 2022, the New Hampshire Office of the Forensic Examiner issued a report finding that the defendant had been successfully restored to competency.  At the August 4 hearing, the trial court granted, over the State's objection, a continuance so that the defendant could obtain a second opinion as to his competency, and so that each expert may "consider the opinion[] of the other and the bases of the expert opinion."  The trial court noted that it was "not making any rulings about whether or not [any continuance beyond] the 12-month period [of RSA 137:17-a, III] . . . is problematic," and that it would reach that issue if it were raised.  With respect to the defendant's speedy trial rights, the trial court indicated that the defendant was at fault for earlier trial delays.  Following a status conference on September 1, 2022, the trial court rescheduled the competency hearing, by agreement of the parties, for October 18, 2022, observing that "[t]he defense expert should complete the evaluation report in early October."

The trial court may order preventive detention of a criminal defendant pending trial if it determines, by clear and convincing evidence, that the defendant's release will endanger the safety of the public.  RSA 597:2, III(a).  A defendant may appeal a preventive detention order to this court prior to trial, and is entitled to prompt resolution of the appeal.  RSA 597:6-e, III.  We will not overturn the trial court's decision absent an unsustainable exercise of discretion.  State v. Spaulding, 172 N.H. 205, 207 (2019).  In determining whether the trial court unsustainably exercised its discretion, we review the record to determine whether it establishes an objective basis sufficient to sustain the trial court's discretionary judgment.  Id. at 207-08.  To satisfy this standard, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case.  Id. at 208.

We agree with the State that, to the extent the defendant is arguing that the trial court should have dismissed the case on grounds that he is not competent, that he was not restored to competency within twelve months of September 2, 2021, or that his prosecution violates his speedy trial rights, those issues are not properly before us. We note that RSA 135:17-a, III expressly provides that, "[e]xcept for good cause shown," the trial court shall hold a further competency hearing within twelve months "after the order committing the defendant for treatment." RSA 135:17-a, III (emphasis added). As the trial court observed at the August 4 hearing, it had not yet had an opportunity to rule upon the ramifications, if any, of a continuance beyond September 1, 2022, and we decline to address that issue for the first time in an appeal from a denial of bail. RSA 597:6-e, III authorizes a defendant to appeal a "release or detention order, or . . . a decision denying revocation or amendment of such an order." The statute does not authorize an appeal from an interlocutory order on a motion to dismiss criminal charges, and the defendant has not filed an interlocutory appeal from any order ruling on his motion to dismiss.

In this case, the defendant has not argued, either in the trial court or on appeal, that his release will no longer endanger the safety of the public. Instead, he has argued only that he is entitled to dismissal of the criminal charges — the issue that is not properly before us. Accordingly, the trial court did not unsustainably exercise its discretion by denying his motion for bail.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**